IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **SABRINA WOODALL,** | CASE NO. 1:22 CV 590 |
| Plaintiff, | JUDGE CHARLES E. FLEMING |
| v. | |
| **GUY BUTTEL, et al.,** | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff Sabrina Woodall filed this action against Guy Buttel under 42 U.S.C. § 1983 and Title VII, 42 U.S.C. § 2000e, and against David M. Emmert under 41 U.S.C. § 6503.

Her allegations against Buttel, in their entirety, state:

> Since closing of property all grandfathered lease agreement has been altered/violated. I have been violated in its entirety. I also had to file a temporary restraining order due to Mr. Buttel's violent tendency to use excessive force to gain entry. He changed my locks and also shut off my utilities.

Her allegations against Emmert, in their entirety, state:

> Lease ends July 23, 2023; per the lease, if sale of property tenant will allow showings of property within the last (3) months of the lease term. The property was sold January 11, 2022, to Guy Buttel (Realty) great; and recently changed the name to Horressh Investments.

Ms. Woodall lists discrimination, harassment, intimidation, retaliation, tampering, violation of privacy, and perjury as claims against Buttel. She lists only breach of contract against Emmert. She does not specify the relief she is seeking.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

#### DISCUSSION

Plaintiff has not established a federal cause of action. Although she cites to three federal statutes, none of them are applicable here. Title 42 U.S.C. § 1983 permits a plaintiff to bring a cause of action against a state or local government official for violation of her constitutional rights. None of the Defendants appears to be a government official. Similarly, 41 U.S.C. § 6503 relates to public contracts with the federal government. As none of the parties is a federal government agency, this statute is also inapplicable. Finally, Title VII, 42 U.S.C. § 2000e, provides a cause of action for employment discrimination. None of the Defendants appears to be Plaintiff's employer nor do any of the claims appear to be related to employment.

The remaining claims arise, if at all, under state law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.* Because the Court is dismissing Plaintiff's federal law claims, this Court declines jurisdiction to hear Plaintiff's state law claims.

#### CONCLUSION

Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**Date: July 6, 2022**

*Charles Fleming*

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**